UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REYNAURD GOBER, #409313,

    Petitioner,

v.                              CASE NO. 15-CV-11704
                              HONORABLE MARK A. GOLDSMITH

SHAWN BREWER,

    Respondent.
_____/

**OPINION AND ORDER**
**(1) GRANTING PETITIONER'S MOTION TO STAY (Dkt. 1); (2) STAYING PROCEEDINGS; AND (3) ADMINISTRATIVELY CLOSING CASE**

    This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254. Petitioner Reynaurd Gober was convicted of first-degree murder, Mich. Comp. Laws § 750.16, mutilation of a dead body, Mich. Comp. Laws § 750.160, possession of a firearm by a felon ("felon in possession"), Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony ("felony firearm"), second offense, Mich. Comp. Laws § 750.227b, following a jury trial in the Wayne County Circuit Court. Petitioners was sentenced as a fourth habitual offender under Mich. Comp. Laws § 769.12 to life imprisonment without the possibility of parole, a concurrent term of 12-to-25 years' imprisonment, a concurrent term of six-to-25 years' imprisonment, and a consecutive term of five years imprisonment in 2011. In his petition, Petitioners raises an insufficient evidence claim.

    This matter is presently before the Court on Petitioner's motion to stay the proceedings and hold his habeas petition in abeyance so that he can return to state court to exhaust remedies on additional claims concerning the absence of counsel at a critical stage, the denial of counsel of

1

choice, the effectiveness of trial and appellate counsel, the conduct of the prosecutor, his right to a speedy trial, the use of perjured testimony, and the validity of the complaint and arrest warrant (Dkt. 1). Respondent has not yet filed an answer to the petition or the state-court record. Those materials are due in December 2015.

The doctrine of exhaustion of state remedies requires state prisoners to fairly present their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. §§ 2254(b)(1)(A),(c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state-court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court. 28 U.S.C. § 2254(d)(1). The state courts must be given an opportunity to rule upon all of Petitioner's claims before he can present those claims on habeas review. Otherwise, this Court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. O'Sullivan, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. McMeans, 228 F.3d at 681. The claims must also be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990); Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999) (same).

The burden is on the petitioner to prove exhaustion.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims, including a motion for relief from judgment in the state trial court pursuant to Mich. Ct. R. 6.500 et seq.  Petitioner may then appeal the trial court's decision to the state appellate courts as necessary.  Petitioner's unexhausted claims should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition.  Rhines v. Weber, 544 U.S. 269, 276 (2005).  Because a stay and abeyance is available only in "limited circumstances" (such as when the one-year statute of limitations poses a concern), the Court must determine whether the petitioner had "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless."  Id. at 277-278.

In this case, Petitioner has shown the need for a stay.  He wishes to pursue several new claims which have not been presented to the state courts.  The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies, as Petitioner appears to have filed his petition about two and one-half months before the expiration of the one-year period.  Additionally, Petitioner seeks to present new issues and alleges that appellate counsel was ineffective for failing to previously present them to the state courts, which may provide good cause.  Lastly, the Court finds that the unexhausted claims do not appear to be

plainly meritless, and there is no evidence of intentional delay. Therefore, the Court shall hold the petition in abeyance and stay the proceedings pending Petitioner's exhaustion of state court remedies as to the additional, unexhausted claims.

Accordingly, the Court grants Petitioner's motion to stay the proceedings and hold the habeas petition in abeyance. These proceedings are stayed. The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within 60 days of the filing date of this order by filing a motion for relief from judgment with the trial court. See Hill v. Anderson, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend the petition, using the same caption and case number, within 60 days of fully exhausting state remedies. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, the case may be dismissed. Lastly, this case is closed for administrative purposes pending compliance with these conditions.

SO ORDERED.

Dated: July 8, 2015              s/Mark A. Goldsmith
       Detroit, Michigan         MARK A. GOLDSMITH
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 8, 2015.

                                 s/Johnetta M. Curry-Williams
                                 Case Manager